## UNITED STATES v. WALKER-HILL CO.
### Civil Action No. 48 C 507.

District Court, N. D. Illinois, E. D.
Aug. 19, 1948.

Otto J. Kerner, Jr., U. S. Atty., and Leroy Krein, Asst. U. S. Atty., both of Chicago, Ill., for plaintiff.

Kegan & Kegan, of Chicago, Ill., for defendant.

LA BUY, District Judge.

This suit was filed by the United States on April 14, 1948 to recover payment made on or about September 24, 1943 of drawback of tax pursuant to Section 3250(*l*) (5) of Title 26, U.S.C.A.Int.Rev.Code.

Defendant manufactures eggnog in the production of which distilled spirits are used. The pertinent sub-paragraphs of Section 3250 giving rise to the issue here presented are as follows:

"(*l*) Manufacturers or producers of designated nonbeverage products.

"(1) In general. Any person using distilled spirits produced in a domestic registered distillery or industrial alcohol plant and fully tax paid in the manufacture or production of medicines, medicinal preparations, food products, flavors, or flavoring extracts which are unfit for beverage purposes, upon payment of a special tax per annum, shall be eligible for drawback at the time when such distilled spirits are used in the manufacture of such products and as hereinafter provided for.

"(2) Rate of tax. Such special tax per annum shall be graduated in amount as follows: (a) for total annual withdrawals not exceeding 25 proof gallons, $25 per annum; (b) for total annual withdrawals not exceeding 50 proof gallons, $50 per annum; (c) for total annual withdrawals of 50 proof gallons or more, $100 per annum.

\*   \*   \*   \*   \*   \*

"(5) Drawback. A drawback at the rate of $3.75 on each proof gallon shall be allowed on distilled spirits tax-paid and used as provided in this subsection and be due and payable quarterly upon filing of a proper claim with the Commissioner. No claim under this subsection shall be allowed unless filed with the Commissioner within the three months next succeeding the quarter for which the drawback is claimed.

On March 30, 1943 defendant made a claim for drawback of $2,469.49, having paid $100 tax pursuant to subsection (2) supra. This claim, in the amount of $2,290.12, was allowed by the Commissioner on September 13, 1943. On June 25, 1943, the defendant made another claim for drawback which was rejected by the Commissioner on October 5, 1943 on the ground that this product was sold for use for alcoholic beverage purposes and also requesting reimbursement of the $2,290.12 previously made.

Defendant brought suit against the United States to recover from it drawbacks on distilled spirits used in 1943. The Seventh

Circuit Court of Appeals on May 17, 1947, in an opinion appearing in 162 F.2d 259, held that the eggnog manufactured by defendant was a beverage and not a food product unfit for beverage purposes and consequently plaintiff was not entitled to recovery of the drawback on distilled spirits used in the manufacture of eggnog. This ruling gave rise to the present suit by the Government to recover the drawback of $2,290.12 paid on or about September 24, 1943.

Defendant has filed its motion to dismiss the action for the reason that it appears to be barred by Section 610 of the Revenue Act of 1928, 26 U.S.C.A.Int.Rev. Code, § 3746, and the plaintiff has filed a motion for summary judgment, there being no dispute on any material fact. The limitation section reads as follows:

"Suits for recovery of erroneous refunds.

"(a) Refunds after limitation period. Any portion of an internal revenue tax (or any interest, penalty, additional amount, or addition to such tax) refund of which is erroneously made, within the meaning of Section 3774, may be recovered by suit brought in the name of the United States, but only if such suit is begun within two years after the making of such refund.

"(b) Refunds otherwise erroneous. Any portion of an internal revenue tax (or any interest, penalty, additional amount, or addition to such tax) which has been erroneously refunded (if such refund would not be considered erroneous under Section 3774) may be recovered by suit brought in the name of the United States, but only if such suit is begun before the expiration of two years after the making of such refund."

Defendant asserts the drawback paid by the Government is a refund within the meaning of this section and this action commenced more than four years after its payment is barred by this section.

No case has been found bearing on the question whether the limitation section on erroneous refunds applies to statutory rebates or drawbacks. Defendant rests its contention that a drawback is a refund on the definition of the word in Webster's New International Dictionary which is:

"Money paid back or remitted after being collected, esp. duties or customs (whether import duties or internal revenue taxes) remitted or paid back by the government on the exportation of that on which they were levied."

It also asserts that the limitation section must be given a liberal construction in favor of the taxpayer. This is, of course, true if the section is applicable.

It is of importance, therefore, to determine whether the drawback in question was a refund as contemplated by Section 3746.

Upon payment of the special tax and compliance with the statute and regulations, any person using distilled spirits in a product unfit for beverage purposes and sold for use other than for beverage purposes was entitled to a drawback. Defendant purchased the distilled spirits, wholly tax paid, from wholesale liquor dealers and paid the special tax of $100 per annum. It is unquestioned that the drawback statute granted the benefit of $3.75 on each proof gallon used as above though the claimant did not himself pay the distilled spirits tax. As a matter of fact it has been conceded that such tax, fully paid by others than defendant, was passed by the defendant and carried by the consuming public so that defendant never incurred the burden of the tax.

The right to a drawback from the taxing body is created by statute and is granted only under certain circumstances. The statute in question does not grant a right to all persons who may use alcohol in the manufacture of medicines, medicinal preparations, food products, flavors, or flavoring extracts to a drawback on such alcohol, but is conditioned on use in accord with the statutory guide. As in the instant case, defendant qualified for a drawback only where the product in which distilled spirits were used was manufactured and produced in products unfit for beverage purposes. Being a governmental grant of a privilege and benefit, it is to be construed in favor of the government and against the party claiming the grant. A

drawback under Section 3250 is not a refund in the ordinary, accepted and popular sense as used in the limitation section; it is not a return of money paid by the claimant for internal revenue tax, but is a grant of the right to a claim for money qualified on proof of compliance with conditions giving rise to such a right and is not limited to the taxpayer but is given to the user as well who pays a special and distinct tax for this privilege less in amount than the drawback would be. Consequently, it appears that there is nothing "to pay back, return, restore, make restitution" to the defendant since no tax, other than the special tax not claimed to be refunded, was paid by the defendant.

The court is of the opinion the limitation section of the Internal Revenue Code does not bar the Government's action to recover the drawback paid through mistake and without right. Defendant's motion to dismiss is overruled and the Government's motion for summary judgment is granted. An order in accord herewith may be presented for entry within twenty (20) days.